**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No. 09-80359-CIV-HURLEY/HOPKINS

MAYFAIR HOUSE ASSOCIATION,
INC.,

       Plaintiff,

vs.

QBE INSURANCE CORPORATION,

       Defendant.

_____

**QBE INSURANCE CORPORATION'S MOTION FOR
RECONSIDERATION OF JANUARY 5, 2010 OMNIBUS ORDER**

      Defendant, QBE Insurance Corporation ("QBE"), moves the Court for reconsideration of its "Omnibus Order as to Plaintiff's Amended Motion To Compel Responses to Interrogatories 1 Through 5 and Requests for Production 1 Through 3 and Defendant's Motion for Protective Order" ("Omnibus Order"). (D.E. 55). Specifically, QBE, while maintaining that the information sought should not be produced at all on various grounds (D.E. 37), requests that the Court reconsider its decision to overrule QBE's undue-burden objection based on Plaintiff, Mayfair House Association, Inc.'s ("Mayfair House"), suggestion that searching computerized accounting records could avoid the task of a manual search of claims files. (D.E. 55 at 9). The search ordered only would yield amounts paid, without even identifying the insured, and a claim number. Only subsequent research of the claim number would provide additional, but not all, requested information. A search of a separate system yielded additional information, but, as explained below, the reality remains that only the unduly

burdensome task of reviewing thousands of physical files could retrieve the balance of the information and the documents sought by Request for Production 2.

QBE also requests that the Court reconsider its finding as to Request for Production 1  that QBE "does not resist the production" of claims files for four condominium associations not parties to this litigation and its related ruling that those files, without exception, should be produced subject to a confidentiality order. (D.E. 55 at 13-14).  Contrary to the Court's finding, QBE lodged a number of objections to the request and further argued against production when opposing the underlying motion to compel.  It also intends to challenge any ruling ordering production by way of appeal to the district court.  In other words, QBE certainly resisted and will continue to resist production of those files.  Moreover, the Court's ruling as to non-parties' files requires production of attorney-client documents without the benefit of in camera review afforded documents from Mayfair House's claims files. (Compare D.E. 55 at 13 with D.E. 55 at 14-17, 19).

## FACTUAL AND PROCEDURAL BACKGROUND

I. **QBE'S  UNDUE-BURDEN OBJECTIONS AND THE COURT'S ORDER THAT A SEARCH OF COMPUTERIZED ACCOUNTING RECORDS BE CONDUCTED**

In response to the interrogatories and a request for production addressed in the Omnibus Order, QBE asserted, among others, an objection based on the unduly burdensome nature of each interrogatory and the request. (D.E. 55 at 8, 10, 11, 12 and 18).  In support of this claim, QBE submitted the affidavit of Timothy O'Brien, a Senior Claims Representative at Florida Intracoastal Underwriters ("FIU"), the managing general agent for QBE. (D.E. 38-1).  In his affidavit, Mr. O'Brien detailed the process of

retrieving and reviewing physical files that QBE/FIU would have to undertake to obtain responsive information. (D.E. 38-1). On this point, Mayfair House volunteered that QBE should conduct a search of its computerized accounting records, which, in Mayfair House's sole view, would yield the information. (D.E. 55 at 8).

As a result, the Court directed as follows:

> [I]n light of Plaintiff's suggestion, Defendant should be ordered to first perform a search of its computerized accounting records to retrieve any and all responsive information, as opposed to undertaking the more onerous task of retrieving and reviewing the physical files because such a course of action may result in the production of relevant information without imposing an undue burden upon defendant.

(D.E. 55 at 9). The Court reincorporated this ruling for each undue-burden objection to an interrogatory that followed. (D.E. 55 at 10, 11, and 12).

As Mr. O'Brien's attached declaration establishes, an Excel spreadsheet could be created showing the amounts paid, without even the name of the insured, and a claim number (Declaration of Timothy O'Brien, attached as Exhibit 1, at ¶¶ 6, 7). Only by researching the claim number would FIU be able to learn the names of the insured, the FIU adjuster and the independent adjusting firm. (Exhibit 1 at ¶ 7). The accounting person tasked with conducting the search reported that it would take her weeks to carry out this task because all the information would have to be extracted manually. (Exhibit 1 at ¶ 7). Thus, contrary to Mayfair House's suggestion, the computerized accounting records do not yield the responsive information.

QBE/FIU also searched a separate system and obtained a monthly report containing the names of the condominium associations that filed storm claims in 2004 and 2005, the indemnity paid, and the names of the FIU adjuster and the independent

adjusting firm. (Exhibit 1 at ¶ 8).  Additional responsive information, including the addresses and telephone numbers of the condominium associations and the names of and other information for all persons involved with the condominium associations' claims, was not available through this search. (Exhibit 1 at ¶ 9, 10).  Instead, that information only would be available through the extensive manual review of the actual files previously described.  (Exhibit 1 at ¶ 9, 10).

## II. QBE'S VARIOUS OBJECTIONS TO REQUEST FOR PRODUCTION 1 AND THE COURT'S FINDING THAT QBE DID NOT RESIST PRODUCTION OF THE FOUR NON-PARTY FILES IN QUESTION

In Request for Production 1, Mayfair House requested "Defendant's entire file for the claims submitted by Plaintiff Mayfair House Association, the Crystal Tower, Inc., the Saint Croix Club of Naples, Inc., Chalfonte Condominium Association, Buckley Towers Condominium, Inc., Vantage View, Inc." (D.E. 37-2).  QBE objected on various grounds and, from the outset, submitted authority in support of its objections:

> **RESPONSE:** Defendant objects to this request to the extent that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and records protected by the attorney-client privilege. Allstate Indemnity Co. v. Ruiz, 899 So. 2d 1121 (Fla. 2005); United Servs. Auto. Ass'n v. Roth, 859 So. 2d 1270, 1271 (Fla. 4th DCA 2003) (citations omitted); Progressive Express Ins. Co. v. Scoma, 975 So. 2d 461, 467 (Fla. 2d DCA 2007); XL Specialty Ins. Co., 929 So. 2d 578 (Fla. 1st DCA 2006) ("the plain meaning of sections 90.502 and 624.155 indicates that the attorney-client privilege has not been eliminated in first-party bad faith actions."); Liberty Mut. Fire Ins. Co. v. Bennett, 939 So. 2d 1113 (Fla. 4th DCA 2006); Liberty Mut. Fire Ins. Co. v. Kaufman, 885 So. 2d 905 (Fla. 3d DCA 2004); see also Allstate Ins. Co. v. Melendez, 550 So. 2d 156, 157-58 (Fla. 5th DCA 1989) (finding that the legislature in creating the first party bad faith cause of action did not intend to abolish the attorney/client privilege and work product doctrine); XL Specialty Ins. Co. v. Aircraft Holdings, LLC, 929 So. 2d 578 (Fla. 1st DCA 2006); United

>    Services Auto. Ass'n v. Buckstein, 859 So. 2d 1270, 1271 (Fla. 4th DCA 2003). Furthermore discovery on a claim for punitive damages is not permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damage. See § 768.72, Fla. Stat.; e.g., Fla. R. Civ. P. 1.190(f); See also Porter v. Ogden, Newell, & Welch, 241 F.3d 1334, 1340 (11th Cir. Fla. 2001). No such evidence has been presented in this case. As to production of the claim files for Saint Croix Club of Naples, Inc., Chalfonte Condominium Apartment Association, Buckley Towers Condominium, Inc. and Vantage View, Inc. there is no proffer by Plaintiff of a reasonable evidentiary basis for such recovery in order to warrant discovery of the requested documents. See Porter v. Ogden, Newell, & Welch, 241 F.3d 1334, 1340 (11th Cir. Fla. 2001); See also § 768.72, Fla. Stat. The records requested violate the right to privacy for each insured listed afforded by the Florida Constitution and the Graham Leach Bliley Act of 1999, which require this information be kept confidential and protected from public disclosure. In addition, each of these files in [sic] currently in pending litigation and the documents sought are irrelevant to those cases, are not subject to discovery in those cases, contain materials protected by the work product doctrine and/or attorney-client privilege in those cases, and thus are not discoverable. If the court requires production of said documents, production of said documents would prejudice QBE's ability to present its defense in those pending litigations without a confidentiality order in place preventing disclosure to any third parties outside of this litigation. <u>Subject to and without waiving said objections, a copy of non-privileged documents in the Mayfair House Association file will be made available for inspection and copy at the office of the undersigned counsel at a mutually agreeable date and time.</u>

(D.E. 37-2 at 1-2) (emphasis added). Importantly, QBE only agreed to produce non-privileged documents in the Mayfair House file. (D.E. 37-2 at 2).

Later, in opposing the motion to compel that followed, QBE again argued against production of the documents listed in Request for Production 1. (D.E. 37 at 7-11, 13-17). Specifically, it submitted legal argument on its objections as to breadth, relevance and

whether the request was reasonably calculated to lead to the discovery of admissible evidence (D.E. 37 at 7-8, 13). It also submitted extensive argument and authority to support its objection that Mayfair House was improperly seeking general business discovery for a punitive-damages claim (D.E. 37 at 8-11, 13). Finally, QBE presented argument and authority to support its objection based on the attorney-client privilege (D.E. 37 at 13-17).

Nevertheless, the Court concluded that, "[i]n light of the fact that Defendant does not resist the production of such files, this Court GRANTS Plaintiff's Motion to Compel as to Request for Production number 1, with regard to the files for Chalfonte, Buckley Towers, Vantage View and the St. Croix Club of Naples, Inc." (D.E. 55 at 13). The Court ordered that production be subject to a confidentiality order, (D.E. 55 at 13), as QBE had requested in the event the Court ordered production (D.E. 37-2 at 2; 37 at 14). Finally, the Court set January 14, 2010 as the date for compliance (D.E. 55 at 19).

## MEMORANDUM OF LAW

As Magistrate Judge Garber has written, "in certain circumstances, one or more of three options for redress may be available to federal litigants who disagree with a Magistrate Judge's or a District Judge's ruling." United States v. Ninety-Nine Thousand, Four Hundred Eighty Dollars and No Cents ($99,480.00) in U.S. Currency, 06-22966-CIV, 2007 WL 1059564, *4 (S.D. Fla. Apr. 3, 2007). Those three options are a motion for reconsideration, an appeal to the district court, and, in certain circumstances, an appeal to the circuit court. Id. In seeking reconsideration, "the litigant may file a written motion in which he or she moves for reconsideration of a ruling by the Magistrate Judge or District Judge; as the term 'reconsideration' implies, such a motion should be

addressed to the Judge who entered the relevant order or report and recommendation, because only that Judge technically may 'reconsider' his or her decision."  Id.  Accordingly, and without waiving any objections previously asserted or the right to a subsequent appeal to the district court, QBE asks this Court to reconsider two aspects of its Omnibus Order.

**I.  QBE REQUESTS RECONSIDERATION OF THE PORTION OF THE OMNIBUS ORDER ON AMENDED MOTION TO COMPEL DIRECTING A SEARCH OF COMPUTERIZED ACCOUNTING RECORDS.**

In rejecting QBE's undue-burden argument (D.E. 37 at 11-13; 38-1), the Court embraced Mayfair House's suggestion that a search of QBE's computerized accounting records would yield information responsive to Interrogatory 1.  (D.E. 55 at 9).  It reincorporated that ruling for each undue-burden objection to an interrogatory. (D.E. 55 at 10, 11, and 12).  Yet, as confirmed in the attached O'Brien declaration, neither that search nor another computerized search can obtain all the requested information.  For the condominium associations' addresses and telephone numbers and the names of those other than the FIU adjuster and the independent adjusting firm, a manual search of the physical files is inevitable.

In sum, there is no computerized alternative to what the Court described as "the more onerous task of retrieving and reviewing the physical files." (D.E. 55 at 9).  Accordingly, QBE, without waiving any of the objections previously asserted or arguments presented or its right to appeal, respectfully requests that the Court reconsider its undue-burden ruling and deny Mayfair House's Amended Motion To Compel on that basis.

### II. QBE ALSO REQUESTS RECONSIDERATION OF THE COURT'S FINDING THAT QBE DID NOT RESIST PRODUCTION OF CLAIMS FILES FOR FOUR OTHER CONDOMINIUM ASSOCIATIONS.

Although the Court found that "Defendant does not resist the production of [the Chalfonte, Buckley Towers, Vantage View and the St. Croix Club of Naples, Inc.] files," (D.E. 55 at 13), QBE has consistently objected to production of those files on a number of grounds (D.E. 37, 37-2), as set forth above, and intends to do so on appeal to the district court.

Nor did QBE's request for a confidentiality order mean it agreed to production or would not resist production. Instead, the request for a confidentiality order was contingent upon an order overruling QBE's objections and ordering production. (D.E. 37-2 at 2 ("If the court requires production of said documents, production of said documents would prejudice QBE's ability to present its defense in those pending litigations without a confidentiality order in place preventing disclosure to any third parties outside of this litigation.") (emphasis supplied); 37 at 14 ("As an initial matter, that Mayfair House agrees/concedes in its motion that should the court order production of any records pertaining to Chalfonte, Buckley Towers and Vantage View that a confidentiality order should be required and only expire once QBE's appeals are exhausted.")). QBE's first line of argument, however, always was and continues to be that the claims files for other condominium associations are not discoverable at all. (D.E. 37; 37-1; 37-2).

The finding that QBE "did not resist the production of such files" leaves QBE, as it prepares for appeal, with a finding that does not reflect the objections and arguments it has presented during this phase of the case. Furthermore, the Court's ruling granting

Mayfair House's motion as to those files requires production of documents QBE claims are subject to the attorney-client privilege (D.E. 37-2 at 2 ("In addition, each of these files in [sic] currently in pending litigation and the documents sought are irrelevant to those cases, are not subject to discovery in those cases, contain materials protected by the work product doctrine and/or attorney-client privilege in those cases, and thus are not discoverable.")). It also requires production without the benefit of an in camera inspection, as the Court found appropriate for documents from the Mayfair House claims file over which QBE also asserts the attorney-client privilege. (D.E. 55 at 13-17).

Accordingly, and without waiving any of the objections previously filed or arguments presented in opposition to disclosure or its right to appeal, QBE respectfully requests that the Court set aside its finding and ruling at page 13 of the Omnibus Order that, "[i]n light of the fact that Defendant does not resist the production of such files, this Court GRANTS Plaintiff's Motion to Compel as to Request for Production number 1, with regard to the files for Chalfonte, Buckley Towers, Vantage View and the St. Croix Club of Naples, Inc."

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Southern District of Florida Local Rule 7.1(A)(3), QBE's counsel conferred with counsel for Mayfair House, who objects to the motion and relief requested.

## CONCLUSION

WHEREFORE, QBE respectfully requests that the Court grant its motion for reconsideration and amend its Omnibus Order by (1) sustaining QBE's objections based on the unduly burdensome nature of Interrogatories 1, 2 and 4 and denying

Mayfair House's Amended Motion To Compel as to those interrogatories and (2) setting aside the finding and ruling at page 13 that "[i]n light of the fact that Defendant does not resist the production of such files, this Court GRANTS Plaintiff's Motion to Compel as to Request for Production number 1, with regard to the files for Chalfonte, Buckley Towers, Vantage View and the St. Croix Club of Naples, Inc."

Dated: January 14, 2010

By: **BERK, MERCHANT & SIMS, PLC**

**/s/ GILBERTO J. BARRETO**
William S. Berk, Esq.
Florida Bar No.: 349828
wberk@berklawfirm.com
Evelyn M. Merchant, Esq.
Florida Bar No.: 488577
Gilberto J. Barreto, Esq.
Florida Bar No.: 568996
gbarreto@berklawfirm.com
2100 Ponce De Leon Blvd, PH 1
Coral Gables, Florida 33134
Tel. No. 786-338-2851
Fax No. 786-364-1814

## Certificate of Service

I hereby certify that, on January 14, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

/s/  GILBERTO J. BARRETO
Gilberto J. Barreto

## SERVICE LIST

James Joseph Wicker II
jwicker@wickersmith.com
Rachel Studley
rstudley@wickersmith.com
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
1645 Palm Beach Lakes Boulevard, Suite 700
West Palm Beach, Florida  33401
Telephone:  (561) 689-3800
Facsimile:  (561) 689-9206
Via Notice of Electronic Filing

Jeffrey N. Golant
jgolant@jeffreygolantlaw.com
The Law Offices of Jeffrey N. Golant, P.A.
1000 W. McNab Road, Suite 150
Pompano Beach, Florida  33069
Telephone:  (954) 942-5270
Facsimile:  (954) 942-5272
Via Notice of Electronic Filing